Matthias, J.
 

 The single controversial question presented by the demurrer to the petition is whether a school district wherein one-room and two-room schools are operated is precluded from participation in the state public school fund by reason, of the fact that such district is a part of a taxing district wherein the total tax levies for all purposes are less than ten mills.
 

 The answer to this question requires the consideration of the provisions of Section 7595
 
 et seq.,
 
 General Code (116 Ohio Laws, 585), contained in an act-of the General Assembly of Ohio known as the School Foundation Act, passed May 23, 1935, the purpose for which, stated in its title, was “creating a public school fund in the state treasury and providing for the distribution thereof, with a view to providing a thorough and efficient system of common
 
 *477
 
 schools throughout the state, promoting economy and efficiency in the operation thereof, and providing for the equalization of educational opportunities.”
 

 Section 7595, General Code, provides for the establishment of a public school fund in the state treasury “for the support and maintenance of the public school system and for the equalization of educational advantages throughout the state” which fund, it is there provided, “shall be administered by the Director of Education, with the approval of the state Controlling Board and subject to the restrictions of law.”
 

 The provisions of Section 7595-1, General Code, require that “there shall be apportioned and paid from the state public school fund to each sphool district of the state an amount” determined as therein stated, and further provide as follows: “Except that in districts maintaining one or more schools, each or any of which have fewer than three teachers, the amount to be paid such districts on account of attendance in such ■schools shall be limited by the minimum operating cost of the foundation program as defined by law or as determined by the Director of Education pursuant to law. ’ ’
 

 It is to be observed that here is a mandatory provision that the amount determined, as therein directed shall be paid to “each school district of the state,” and that the amount to be paid for schools such as are involved in this controversy shall be limited by the minimum operating cost of the foundation program as defined by law or as determined by the Director of Education pursuant to law. . The minimum operating cost of the foundation program is defined by the. provisions of Section
 
 7595-1c,
 
 General Code. After specifying the method of determining the minimum operating costs for various grades of schools, it is provided as follows:
 

 “For pupils in elementary schools and high schools having an average daily attendance of less than one
 
 *478
 
 hundred eighty pupils, such amounts per day as will be sufficient to meet the increased cost per pupil due to small classes, to be determined as follows:” If a school which has an average daily attendance of less than 180 pupils establishes to the satisfaction of the Director of Education and the state Controlling Board "that such schools are essential and efficient parts of the state school system, “the amount to be allowed per pupil for the purpose of determining the minimum operating cost of a foundation program of education shall be such as will enable such school or schools to operate at a reasonable level of educational efficiency. For this purpose, schedules of foundation program operating costs for schools of less than one hundred eighty pupils in average daily attendance shall be .established by the Director of Education; but in no # case si i all the minimum operating cost of a foundation program of education, upon which is based the allotment of moneys from the state public school fund, be less than one thousand one hundred and fifty dollars per annum for each one-teacher elementary school and two thousand four hundred dollars per annum for each two-teacher elementary school, plus the cost in each case of maintaining approved pupil transportation and tuition foundation programs, or either, as hereinafter provided.”
 

 It is obvious, therefore, that the minimum operating cost of the foundation program for the schools in question has been defined by Section 7595-lc, General Code, and such schools having been approved by the Director of Education in accordance with the statute, the minimum amount so stated is required to be paid under and by virtue of the provisions of Section 7595-1, General Code.
 

 The clear and evident purpose of the enactment is thus effectuated. Under any other interpretation of these statutory provisions no payment whatever would
 
 *479
 
 be required from the state school fund for the maintenance of relator’s schools. It appears that the Director of Education had placed relator’s schools on the foundation program and when it was found that the taxing district which included thé relator’s school district had tax levies for all purposes of less than ten mills, these schools were stricken from the 1938 foundation program for all purposes, and would be deprived of any aid or contribution whatever from the state public school fund notwithstanding the mandatory provisions of statute to the contrary.
 

 It is not contended that relator comes within the requirements for the so-called “additional aid” provided for by Section 7595-1b, General Code. In our opinion, those provisions do not deprive the relator of the benefits clearly provided by Sections 7595-1 and 7595-1c, General Code.
 

 It is our conclusion, therefore, that a school district wherein one-room and two-room schools are operated is not precluded from participation in .the state public school fund by reason of the fact that such district is a part of a taxing district wherein the total tax levies for all purposes are less than ten mills. It follows that the petition states a cause of action and the demurrer is therefore overruled.
 

 Demurrer overruled.
 

 Weygandt, C. J., Day, Zimmerman, Williams and Gorman, JJ., concur.